IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. |
| v. ) | |
| ) | JURY TRIAL REQUESTED |
| One unknown machinegun, ) | |
| seized from William Cooke, Jr. ) | |
| ) | |
| Defendant *in rem*. ) | |
| _____) | |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*
FOR PROPERTY WITHIN THE GOVERNMENT'S POSSESSION, CUSTODY
OR CONTROL PURSUANT TO SUPPLEMENTAL RULE G**

Plaintiff, United States of America, brings this Complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Asset Forfeiture Actions, and alleges as follows:

**NATURE OF THE ACTION**

This is an action to forfeit and condemn to the use and benefit of the United States of America the captioned defendant *in rem* as a firearm involved in a violation of 26 U.S.C. § 5861 and therefore forfeitable pursuant to 26 U.S.C. § 5872.

**JURISDICTION AND VENUE**

Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 26 U.S.C. § 5872. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355. Venue is proper in this district pursuant to 28 U.S.C. §§ 1345 and 1395.

**THE DEFENDANT IN REM**

The defendant *in rem* consists of: one unknown machinegun, seized from William Cooke, Jr.

## FACTS

1. On January 11, 2016, William C. Cooke, Jr. ("Cooke") was arrested by the Hinsdale New Hampshire Police Department ("HPD") for domestic violence. HPD later executed a search warrant at Cooke's residence located at 33 Plain Road in Hinsdale. During the search, officers found firearms, explosive precursors, and two possible explosive devices. Officers secured Cooke's residence, and obtained a second search warrant that included the explosive devices in addition to the firearms.

2. On January 12, 2016, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") assisted the HPD with the execution of the second search warrant at Cooke's residence. During the search of Cooke's bedroom, officers found a machinegun grip housing near a laundry basket next to Cooke's bed, and the defendant *in rem*, a machinegun frame/receiver with attached grip housing and trigger housing, in the bedroom closet.

3. The defendant *in rem* bears no inscription of its make, model, caliber or serial number, as required by 26 U.S.C. § 5842.

4. The defendant *in rem* incorporates the frame/receiver of a firearm, and is therefore a "firearm" as defined in 18 U.S.C. § 921(a)(3)(B).

5. The defendant *in rem* incorporates the frame/receiver of a machinegun, and is therefore a "machinegun" as defined in 26 U.S.C. § 5845(b).

6. Because the defendant *in rem* is a machinegun, it is also a firearm as defined in 26 U.S.C. § 5845(a)(6).

7. 26 U.S.C. §§ 5841 and 5845(d) require registration of the defendant *in rem*.

8. ATF confirmed that Cooke did not have any weapons registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d).

## CLAIM FOR FORFEITURE
(26 U.S.C. § 5872)

9. The allegations contained in paragraphs 1 through 8 of this Verified Complaint for Forfeiture in Rem are incorporated by reference.

10. Title 26, United States Code, Section 5861(d) provides that "it shall be unlawful for any person … to … possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."

11. Pursuant to 26 U.S.C. § 5872(a), any firearm involved in a violation of the National Firearms Act, 26 U.S.C. Chapter 53, shall be subject to seizure and forfeiture.

12. The defendant *in rem*, one unknown machinegun, was not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d), and is therefore liable to condemnation and forfeiture to the United States for its use, in accordance with 26 U.S.C. § 5872(a).

## RELIEF REQUESTED

The United States requests that:

(a) the Clerk of Court issue a Warrant of Arrest *in Rem*, in the form submitted with this Verified Complaint, to the United States Marshal for the District of New Hampshire, commanding him to arrest the defendant *in rem*;

(b) this matter be scheduled for a jury trial;

(c) judgment of forfeiture be decreed against the defendant *in rem*;

(d) the defendant *in rem* be disposed of according to law; and

(e) this Court grant the United States its costs and whatever other relief to which it may be entitled.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | SCOTT W. MURRAY<br>United States Attorney |
| Dated:  July 25, 2019 | By: | /s/ Robert J. Rabuck<br>Robert J. Rabuck<br>NH Bar # 2087<br>Assistant U.S. Attorney<br>53 Pleasant Street<br>Concord, New Hampshire<br>603-225-1552<br>rob.rabuck@usdoj.gov |

## **VERIFICATION**

I, Kristi R. McPartlin, being duly sworn, depose and say that I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco and Firearms, and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture in Rem and know the contents therein, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and the State of New Hampshire, and information obtained by me and other law enforcement officers during an investigation of this case as a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

/s/ Kristi R. McPartlin
Kristi R. McPartlin

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Subscribed and sworn to before me this 25th day of July 2019.

/s/ Francine Doucette Conrad
Notary Public

My commission expires:  March 27, 2024

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| One unknown machinegun, ) | |
| seized from William Cooke, Jr. ) | |
| ) | |
| Defendant *in rem*. ) | |
| _____) | |

**SUMMONS AND WARRANT OF ARREST IN REM
FOR ISSUANCE BY THE CLERK OF COURT FOR PROPERTY
WITHIN THE UNITED STATES' POSSESSION, CUSTODY OR CONTROL
PURSUANT TO SUPPLEMENTAL RULE G(3)(b)(I)**

To the Bureau of Alcohol, Tobacco, Firearms and Explosives:

Pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims, a Verified Complaint for Forfeiture in Rem has been filed on July 25, 2019, in the U.S. District Court for the District of New Hampshire, alleging that the following property is subject to forfeiture to the United States on the following grounds: one unknown machinegun, seized from William Cooke, Jr., for violations of 26 U.S.C. § 5872.

YOU ARE, THEREFORE, COMMANDED to seize the captioned defendant *in rem*, and use discretion and whatever means appropriate to protect and maintain the property pending the outcome of this action;

IT IS FURTHER ORDERED that the Bureau of Alcohol, Tobacco, Firearms and Explosives shall maintain custody of the defendant *in rem* until further order of this Court, and shall use his discretion and whatever means appropriate to protect and maintain said defendant *in rem*;

IT IS FURTHER ORDERED that the United States shall serve upon all potential claimants to the defendant *in rem*, a copy of this Summons and Warrant of Arrest *in rem*, and the Verified Complaint for Forfeiture *in Rem*, in a manner consistent with the principles of service of process in an action *in rem* under Supplemental Rule G and other Supplemental Rules for Certain Admiralty and Maritime Claims and Title 18, United States Code, Section 983(a);

IT IS FURTHER ORDERED that a return of this Summons and Warrant of Arrest *in rem* shall be promptly made to the Court, identifying the individuals upon whom copies were served and the manner employed; and

IT IS FURTHER ORDERED that all persons claiming an interest in or right against the defendant *in rem* shall file their Verified Claims within thirty-five (35) days after the date on which they were sent the Notice of Complaint or the final publication of notice of the filing of the Complaint, whichever is earlier, or within such additional time as the Court may allow, pursuant to Title 18, United States Code, Section 983(a)(4) and Rule G(4)(b)(ii)(B) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and shall serve and file their Answers to the Complaint within twenty-one (21) days after filing their Verified Claims, pursuant to Rule G(4)(b)(ii)( C) of the Supplemental Rules for Certain Admiralty and Maritime Claims, with the Office of the Clerk, United States District Court for the District of New Hampshire, with a copy sent to Assistant United States Attorney Robert J. Rabuck, United States Attorney's Office, District of New Hampshire, 53 Pleasant Street, Concord, NH  03301.

Dated:

                                        _____
                                        DANIEL J. LYNCH, CLERK